15 So.2d 41

## OPINION OF THE JUSTICES.
### No. 66.

Supreme Court of Alabama.
Oct. 2, 1943.

See, also, ante, p. 456, 13 So.2d 559.

Honorable Chauncey Sparks,
Governor of the State of Alabama,
Montgomery, Alabama.

Dear Sir:

The inquiry above noted relates to the power of the Treasurer of the State of Alabama, with the approval of the Governor, to invest certain monies in Federal securities redeemable at par with accrued interest, which monies constitute a part of the Alabama Special Educational Trust Fund Surplus Account.

■ Your inquiry makes special reference to Section 93 of the Constitution of 1901, which contains, among other inhibitions unnecessary here to note, the inhibition against the State being interested in any private or corporate enterprise, or lending its money or its credit to any individual, association, or corporation. This inhibition was directed, of course, against the law-making power of the Legislature. And in considering the constitutionality of the act authorizing the investment of the surplus funds accumulated under the Income Tax Amendment, we responded to the inquiry of the Senate in the affirmative that said act was not violative of Section 93 of the Constitution. There we said: "We do not think the policy manifested by our Constitution in any of its features would prohibit the Legislature from authorizing and providing for an investment of them [the trust funds in question] in the bonds of the United States of such description and bearing such interest and payable as may be selected pursuant to legislative authority." In re Opinion of the Justices, ante, pp. 456, 459, 13 So.2d 559, 561.

■ Like reasoning would doubtless uphold a legislative act with apppropriate safeguards making a similar investment of the portion of the trust fund here in question. But we have no such act. Upon this matter the Legislature has not spoken. The sole question is, therefore, whether or not the State Treasurer, with the approval of the Governor, has the power to make this investment without legislative sanction. We are persuaded the applicable section of the Constitution standing in the way is Section 72, which provides that: "No money shall be paid out of the treasury except upon appropriations made by law * * *."

The history of this provision in our Constitution is illuminating. It dates back to the claim of the Crown, as one of his highest prerogatives, that he should have the custody as well as the disbursement of all the public revenue without amenability to the Parliament. This became a matter of sharp controversy between the King and Commons, but after the lapse of years the Commons wrung from the Crown this prerogative right. In speaking of the historical background of what is now Section 72 of our Constitution, our Court in Smith v. Speed, 50 Ala. 276, observed: "Forewarned by the history of this strife and controversy, the framers of our constitutions introduced this provision, to prohibit executive power from controlling the public purse. * * * The provision is mandatory to the treasurer, not to pay, and to the other executive officers, not to draw public money, except in pursuance of an appropriation made by law. It devolves on the general assembly the entire responsibility for the disbursement of the public moneys, and preserves its power over them, that it may be answerable to the responsibility. The legislative power raises the public revenue, and is supreme in its disposition, except so far as it may be restrained or limited

by the constitution. In the absence of restraint, it is competent to direct when, where, and to whom the public revenue shall be paid. It may establish such depositories of the public moneys, as in its judgment the public good requires."

This surplus account is money in the Treasury. It has not by law been appropriated for any investment purpose as was done with the surplus of the income tax. Over this fund, except as restrained by the Constitution, the Legislature is supreme, and upon the question here presented it has taken no action whatever. Our conclusion is, therefore, that as Section 93 of the Constitution was directed toward the lawmaking power, it is here inapplicable, as no such legislation has been enacted. But our further conclusion is that Section 72 of the Constitution stands in the way of such an appropriation of the surplus funds here involved.

· Most respectfully submitted.

LUCIEN ·D. GARDNER
Chief Justice.
WILLIAM H. THOMAS
VIRGIL BOULDIN
JOEL B. BROWN
ARTHUR B. FOSTER
J. ED LIVINGSTON
DAVIS F. STAKELY
Associate Justices.