39 So.2d 294

### In re OPINION OF THE JUSTICES.
### No. 91.

Supreme Court of Alabama.
March 9, 1949.

Opinion of the Justices of the Supreme Court in answer to questions propounded by the Governor under Code 1940, Tit. 13, § 34, as to constitutionality of General Acts 1945, p. 63, and p. 554, relating to Sixteenth Section Land Fund and School Indemnity Land Sales Fund.

February 9, 1949

To The Honorable

Chief Justice and Associate Justices

Supreme Court of Alabama

Montgomery, Alabama

Sirs:

Your written opinion on the following important constitutional questions is requested under the authority of Article 3, Chapter 2, Title 13 of the Code of Alabama (1940) namely:

Question 1. Does Section 257 of the Constitution prohibit the State Treasurer from investing, with the Governor's approval, in direct obligations of the United States, the funds held in the "Sixteenth Section Land Fund" and the "School Indemnity Land Sales Fund" in such an amount as he finds cannot be applied either immediately or within a short time to the purpose for which those funds are held, as provided in Act No. 66, S.B. 81, approved June 1, 1945 (General Acts of 1945, p. 63)?

In the event it is your opinion that these funds can be invested, will you please advise me to what use or fund the earnings on the investment can be applied.

Question 2. Does Act No. 341, H.B. 26, approved July 9, 1945 (General Acts of 1945, p. 554), Sections 8 and 9 of which apparently authorize the Director of Conservation to deduct managerial and administration costs from income derived from schools lands, violate Section 257 or Section 258 of the Constitution?

With great respect, I am

Sincerely yours

James E. Folsom
Governor

To the Honorable James E. Folsom,

Governor of Alabama,

Montgomery.

Sir:

In response to your inquiry of February 9, 1949, relative to the "Sixteenth Section Land Fund" and "School Indemnity Land Sales Fund," we submit the following answer:

We understand that those two funds were derived from section 6 of the Act of March 2, 1819 of the United States Congress, 3 Stat. 489, authorizing the formation of the State of Alabama. By that statute not only the Sixteenth Section in every township is granted the State for the use of schools, but when any such section had been sold or disposed of, other lands equivalent thereto were also granted for the same purpose. They are known as school lands under section 560, Title 52, Code, and are held in trust by the State for the use of schools (section 232, Title 8, and section 560, Title 52, Code), and may be sold by the State Director of Conservation. Section 242, Title 8, Code. The proceeds derived from such sales are what we understand to be included in your

inquiry. So that the "Sixteenth Section Land Fund" is derived from sixteenth section land; and "School Indemnity Land Sales Fund" is derived from land included in the grant of Congress, supra, in lieu of sixteenth sections which had been disposed of.

Section 260 of the Constitution of Alabama makes mandatory the disposition of income arising from that source to the support and maintenance of the public schools. Section 257 of the Constitution of Alabama, to which your inquiry No. 1 is limited, requires the principal of all funds arising from the sale or other disposition of such lands to "be preserved inviolate and undiminished"; and further that "the income arising therefrom shall be faithfully applied to the specific object of the original grants."

Your inquiry directs our attention to an Act of the Legislature of Alabama (No. 66—S-81—Walton), approved June 1, 1945 (General Acts 1945, page 63). Section 1 of that Act is as follows:

"The State Treasurer is authorized and empowered in his discretion, with the written approval of the Governor, to invest funds held in the State Treasury in direct obligation of the United States of America whenever and to the extent that the amount of any such funds exceeds the amount which the State Treasurer finds, with the written approval of the Governor, cannot be applied either immediately or within a short time to any purpose for which such funds are held."

## Question No. 1.

■ (a) Upon the authority of the reasoning in the Opinion of the Justices of June 10, 1943, reported in 244 Ala. 456, 13 So.2d 559, it is our view the investment of such school funds, supra, may be made as authorized by that Act. Attention is called again to that feature of section 257, Constitution, which contemplates income to be derived from such funds. This can only be done by investment of the principal of the fund which must at all times be "preserved inviolate and undiminished." Such investment can of course only be made by

authority of law. In re Opinions of the Justices, 244 Ala. 632, 15 So.2d 41; Courtner v. Etheredge, 149 Ala. 78, 43 So. 368.

■ (b) And further under sections 257 and 260 of the Constitution, section 560, Title 52, Code, and section 240, Title 8, Code, the income earned from such investments must be used for the public schools of the townships, each respectively and proportionately, considering the source of such investment in respect to the various townships. The Act of Congress, supra, contemplates a like result.

## Question No. 2.

■ This inquiry is predicated on the assumption that the Act of July 9, 1945, No. 341, H.B. 26, General Acts 1945, page 554, has application to income derived by the Department of Conservation from the management of school land as defined in section 560, Title 52, Code, and that such income is controlled by section 257 (as well as section 260) of the Constitution of Alabama. But it is our view that said Act No. 341, H.B. 26, July 9, 1945, supra, has no application to such school land, and is not subject to the influence of sections 257 and 260 of the Constitution of Alabama.

It is apparent that said Act is tied to Article 2 of Chapter 4—Division of Forestry of the Department of Conservation, in Title 8, Code, beginning with section 219. That Act refers to section 219 for a definition of terms used. That article together with the Act of 1945, supra, deal with different land than school lands, as defined in section 560, Title 52, Code, as evidenced by the fact that such school lands are placed in the management of the Department of Conservation by Chapter 5 of the Division of Forestry, beginning with section 232, Title 8, Code. The terms "used" and "unused" land, as defined in section 219, adopted in the Act of 1945, supra, do not in terms include land held in trust for school purposes; especially since a different series of statutes apply to such school lands. Sections 232 et seq., Title 8, Code.

We consider your question No. 2 as referring to income derived by the Department of Conservation from the manage-

ment of the school land itself, not income derived from a fund realized in the sale of land and invested as indicated in your inquiry No. 1, since the Department of Conservation has no connection with income derived from investing such fund, but section 236, Title 8, Code, gives that department the authority to lease school lands and thereby derive an income.

But the Act of 1945, supra, is not authority for deducting from income so derived the expense of management. Chapter 5, Title 8, supra, dealing with such matters, does not purport to give such authority.

 In making this response to your inquiry, we realize that section 34, Title 13, Code, does not justify an advisory opinion on the construction of statutes, but only on important constitutional questions, and that this response emphasizes statutory construction. But we find it necessary to do so to make response to the constitutional question directed to us.

We therefore think that sections 8 and 9 of said Act of 1945 do not come under the influence of section 257 of the Constitution.

Respectfully submitted,

JOEL B. BROWN,
ARTHUR B. FOSTER,
J. ED. LIVINGSTON,
THOMAS S. LAWSON,
ROBERT T. SIMPSON,
DAVIS F. STAKELY,
Associate Justices.