47 So.2d 729

**OPINION OF THE JUSTICES.**

**No. 118.**

Supreme Court of Alabama.

Sept. 9, 1950.

Hon. James E. Folsom
Governor of Alabama
CAPITOL
Montgomery, Alabama

Dear Sir:

In re: Opinion of the Justices in Response to Inquiry of Governor of Alabama of August 15, 1950.

Responding to the inquiry of the Governor of Alabama of date of August 15, 1950, for advisory opinion under Article 3, Chapter 2, Title 13, Code of 1940,

"Does the word 'Income' as used in Article 14, Section 257 of the Constitution of Alabama of 1901, mean 'net income' or 'gross income'; that is to say, are the expenses of administration, such as expenses of cruising timber, advertising for the sale of timber, defending or prosecuting suits and other incidental expenses deductable, and only the balance considered as 'income' within the meaning of Section 257, supra?" you are advised that it is the opinion of the undersigned Justices that the word "income" as used in said section of the Constitution means the *gross income*.

"Income" has been defined as that which comes in, or is received without reference to the outgoing expenditures. Fairchild v. Gray, 136 Misc. 704, 242 N.Y.S. 192; Houston Belt & Terminal Ry. Co. v. Clark, Tex. Civ.App., 122 S.W.2d 356; Bates v. Porter, 74 Cal. 224, 15 P. 732.

The statutes generally use the word "income" in the sense of any income as distinguished from "net income". Houston Belt & Terminal Ry. Co. v. Clark, supra. Ordinarily the term means all that comes in; something coming in, something which is paid over and delivered to the recipient, not something which a person is saved from the necessity of paying out; that which comes in, or is received from any business or investment of capital, without reference to the outgoing expenditures. 42 C.J.S., Income, p. 529.

It is our view therefore that the language of the Constitution, "The principal of all funds arising from the sale or other disposition of lands or other property, which has been or may hereafter be granted or entrusted to this state or given by the United States for educational purposes *shall be preserved inviolate and undiminished; and the income arising therefrom shall be faithfully applied to the specific object of the original grants or appropriations*", clearly excludes the thought that such income may be subjected to the diminishing processes of administering the trust. The Constitution imposes this burden of administration on the State. [Italics supplied.]

The question presented in the Governor's inquiry was incidentally involved in the Governor's inquiry of February 9, 1949, and was discussed in conference, but was not answered for reasons shown in the In re Opinion of the Justices, 252 Ala. 26, 39 So.2d 294. The opinion in that case sheds some light on the present inquiry. See also In re Opinions of the Justices, 215 Ala. 524, 111 So. 312; In re Opinions of the Justices, 229 Ala. 98, 155 So. 699.

A review of the authorities indicates the foregoing conclusion to be the prevailing opinion in construing similar constitutional provisions. A case of much similiarity with opinion leading to the same result construing a somewhat similar section of the Constitution of Oklahoma, Art. XI, § 2, is Betts v. Commissioners of the Land Office, 27 Okl. 64, 110 P. 766. See also for analogy Lawrence v. Booth, 46 Cal. 187.

Respectfully submitted,

/s/ JOEL B. BROWN
Associate Justice

J. ED LIVINGSTON
Associate Justice

ROBERT T. SIMPSON
Associate Justice

DAVIS F. STAKELY
Associate Justice