I LAUNDERS, Judge.
Defendant-appellant, Timothy J. Hayes (hereafter HAYES), appeals a judgment from the Office of Workers’ Compensation, District 04, in which the hearing officer ruled favorably on plaintiff-appellee’s, INA’S,[1] initial disputed claim form filed on February 8, 1993, and its amended and supplemental disputed claims filed respectively on April 8, 1993, and June 9,1993. In the judgment, the hearing officer modified an earlier judgment by ruling that HAYES was no longer temporarily totally disabled, and therefore, no longer eligible for workers’ compensation benefits. The hearing officer also modified its earlier judgment by holding that HAYES was only entitled to temporary total disability benefits during the time that he underwent a work hardening program and that CAPITOL was entitled to a credit for the wages earned by HAYES, during that court ordered treatment. Finally, the hearing officer denied HAYES penalties and attorney’s fees, and held that CAPITOL was only obligated to pay $750.00 of the additional medical expenses incurred by HAYES.
HAYES contends that the hearing officer erred: (1) when it ruled on the amended disputed claim form 1008 filed on April 8, 1993, and the supplemental 12pleading disputing HAYES’S claim filed on June 9, 1993, both of which were never served in accordance with La.R.S. 23:1310.3 and were not properly set for hearing; and (2) when it ruled that CAPITOL was liable for only $750.00 of the additional medical expenses incurred by HAYES following the first disability hearing.
For the reasons which follow, we reverse the hearing officer’s judgment.

FACTS

HAYES worked as a machine operator for CAPITOL. On April 1, 1991, HAYES allegedly injured his back while raking metal fittings from a drum hoist barrel. As a result of his injury, HAYES made a claim for workers’ compensation benefits which were paid by CAPITOL’S workers’ compensation insurer, INA.
CAPITOL paid HAYES workers’ compensation benefits from April 1, 1991, through June 28, 1991. When HAYES returned to work, CAPITOL assigned him light duty work which consisted of cleaning the shop with a hand broom. On June 26, 1991, after myelogram and CT studies were normal, the treating physician released HAYES to regular duty with the restriction of no lifting over thirty pounds.
Pursuant to the restrictions outlined by the treating physician, on July 1, 1991, CAPITOL assigned HAYES to operate a “Goss” machine, which required HAYES to clamp small fittings on the machine and to remove them after they were stamped. HAYES left work early several times during the first two weeks of July of 1991 alleging that he continued to suffer with pain from the work related injury. Because of his absenteeism, CAPITOL terminated HAYES on July 24, 1991.
After his termination, HAYES claimed that he was still disabled as a result of the injury of April 1, 1991, and therefore, was still entitled to workers’ compensation benefits. CAPITOL filed a notice of disputed claim with the Office of Workers’ Compensation claiming that HAYES was no longer disabled, and in addition, requested that HAYES be examined by an independent physician. A hearing on the merits was held in March of 1992. On December 21, 1992, the hearing officer rendered judgment, finding that HAYES was temporarily totally disabled. The final written judgment was not rendered until February, 8, 1993. In that judgment, the hearing officer ordered that CAPITOL pay workers’ compensation benefits to HAYES from July 24, 1991, i.e. the date that he was terminated, until HAYES’S *192 disability ended. In addition, the hearing officer ordered that CAPITOL pay the costs of a work hardening program for HAYES as well as penalties and attorney’s fees.
CAPITOL appealed that judgment of February 8, 1993, and HAYES answered the appeal requesting additional attorney’s fees. On February 2, 1994, in an |3unpublished opinion numbered 93-655, the Third Circuit Court of Appeal affirmed the hearing officer’s ruling and rendered judgment in favor of HAYES for additional attorney’s fees in the amount of $300.00 for the costs associated with responding to the appeal.
On the same day that the hearing officer signed the final judgment, February 8, 1993, CAPITOL filed a new notice of disputed claim arising from medical expenses that HAYES incurred on December 24,1992. After prevailing in the first disability trial, HAYES underwent further medical treatment from Dr. Louis C. Blanda, which included an MRI test and an ÉMG study (sometimes referred to as the Blanda medical expenses). HAYES did not seek approval from CAPITOL prior to undergoing the prescribed tests and treatment from Dr. Blanda. When HAYES requested payment for the Blanda medical expenses, CAPITOL refused to pay and filed a disputed workers’ compensation claim on February 8, 1993, claiming that it was not liable for those medical expenses.
On March 26,1993, at a mediation hearing, HAYES waived service of process and notice by citation and served his answer to the initial disputed claim on CAPITOL. On April 8,1993, CAPITOL amended its answer claiming that HAYES was involved in an automobile accident on January 29, 1993, which rendered him unsuitable for vocational rehabilitation or work hardening. CAPITOL alleged that HAYES’S status as temporarily totally disabled from the work related accident should be terminated effective the date of the automobile accident.
On June 9, 1993, CAPITOL filed a supplemental pleading to its amended answer after it learned during discovery that HAYES had been employed as a janitor at the First Baptist Church in Crowley, Louisiana, at a rate of $5.00 per hour working twenty hours per week. In this supplemental proceeding, CAPITOL requested that if the hearing officer did not rule favorably on its amended disputed claim filed on April 8, 1993, to terminate workers’ compensation benefits from the date of the intervening automobile accident, that in the alternative the hearing officer should convert HAYES’S status to partial disability or award supplemental earnings benefits as of April 13, 1993, when HAYES returned to the work place as a janitor. CAPITOL also claimed that it should no longer be obligated to pay HAYES benefits because his physician, Dr. Blanda, had released him with no restrictions.
In addition to the pleadings already discussed, HAYES filed a Motion for Partial Summary Judgment and CAPITOL filed a Motion for Protective Order. The hearing officer signed orders setting both of these matters on the same date that it set the initial disputed claim trial, June 29, 1993.
|4After a hearing on the merits, the hearing officer denied HAYES’S Motion for Partial Summary Judgment, granted CAPITOL’S Motion for Protective Order, ruled in CAPITOL’S favor on its amended and supplemental pleadings, denied penalties and attorney’s fees, and held that CAPITOL was only liable for $750.00 of the Blanda medical expenses.

I. Issues Presented

1) Whether the hearing officer erred in ruling on the amended and supplemental pleadings. 2) Whether the hearing officer erred when it terminated benefits to HAYES. 3) Whether the hearing officer erred in modifying the earlier judgment. 4) Whether the hearing officer erred in denying penalties and attorney fees. 5) Whether CAPITOL is obligated to pay medical expenses incurred by HAYES for which he did not receive prior approval from his employer.
II. Law and Argument — Issues I-IV.
We will address together in this section of the opinion the issues of whether the hearing officer erred in ruling on the amended and supplemental pleadings, in terminating benefits to HAYES, in modifying the *193 earlier judgment, and denying penalties and attorney fees.
Louisiana Revised Statute Title 23 Section 1310.3 provides the procedure by which an employee can pursue a claim for relief under workers’ compensation or an employer can dispute a claim for workers’ compensation benefits:
A. A claim for benefits, the controversion of entitlement to benefits, or other relief under the Worker’s Compensation Act shall be initiated by the filing of the appropriate form with the office of worker’s compensation administration. Mailing the form constitutes the initiation of a claim under R.S. 23:1209.
B. Upon receipt of the form, the director shall assign the matter to a district and shall set the matter for an informal conference within fifteen days of receipt of the form specifying the proper parties. The informal conference shall be before a dispute resolution officer who shall mediate and encourage settlement of the ease or determine issues in dispute. Within five days following the conference the dispute resolution officer shall issue a report stating the results of the conference which shall be mailed to the parties and the director.
C. Upon notice from the dispute resolution officer that the parties were unable to resolve the dispute, the director shall effect service of process on any named defendant in any manner provided by law or by certified mail. A defendant shall file an answer within fifteen days of service of the form or within a delay for answering granted by the hearing officer not to exceed an additional ten days.
|sThe record in this ease reveals that CAPITOL filed its initial form disputing the claim for the additional medical expenses, ie. the Blanda medical expenses, incurred by HAYES on February 8, 1993. On March 26, 1993, HAYES signed a waiver of service of process and notice by citation and served CAPITOL with its answer to the disputed claim. A minute entry on April 26, 1993; indicates that the matter was set for trial on June 29, 1993. No party disputes that the issues raised by the initial disputed claim were not properly before the court for hearing on June 29,1993. In addition, the record -indicates that HAYES filed a Motion for Partial Summary Judgment on June 21, 1993, and the hearing officer signed an order that it be heard on June 29, 1993. On June 28, 1993, CAPITOL filed a Motion for Protective Order, and the hearing officer signed an order that it, too, be heard on that same date, June 29, 1993. No party asserts deficiency of service or that the issues presented by those motions were not properly before the court at the June 29, 1993, hearing.
The procedural issue on appeal is the correctness of the hearing officer’s ruling on the amended disputed claim and the supplemental pleading. Although CAPITOL concedes that service on HAYES was not properly effected pursuant to La.R.S. 23:1310.3(C), it argues that HAYES waived any right to service of process and notice by citation when he made a general appearance at the hearing of June 29, 1993. We disagree. We find from the record that the hearing of June 29,1993, was set only to hear the Motion for Partial Summary Judgment, Motion for Protective Order, and the initial disputed claim to which HAYES waived service of process and answered timely on March 26,1993. We hold that HAYES cannot be said to have made a general appearance, and thus waived service of process and notice by citation on CAPITOL’S amended and supplemental pleadings, when those matters were not set to be heard by the court on the day that HAYES made his appearance.
Discussions between counsel for CAPITOL, Mr. Zaunbrecher, and counsel for HAYES, Mr. Pueheu, and rulings and statements made by the hearing officer clearly indicate that the only matters before the court on June 29, 1993, were the Motion for Partial Summary Judgment, Motion for Protective Order, and whether CAPITOL was obligated to pay the Blanda medical expenses. In support of our conclusions, we cite the following excerpts from the transcript of the hearing:
MR. ZAUNBRECHER: Has there been any medical since?
MR. PUCHEU: Dr. Blanda.
*194 | ¡¡MR. ZAUNBRECHER: That’s what we’re here about, Dr. Blanda’s. Right? I mean there are no other medical[s] that you know of?
MR. PUCHEU: Right.
[[Image here]]
MR. ZAUNBRECHER: We instituted this claim upon receipt of Mr. Pucheu’s request for payment [of the Blanda medical expenses] and controverted our liability for it. ... so why we did not approve it or what thought process went into that — is not relevant to this proceeding. This proceeding is limited to whether or not we’re liable for it [i.e. the Blanda medical expenses].
MR. PUCHEU: Mr. Zaunbrecher’s correct. ... So actually the only claim at issue, if you take that literally, is his claim of February 5, ’93, because no other pleadings have been filed. No responses have been filed. No answers have been filed to his amended and supplemental pleadings. He’s right.
[[Image here]]
Mr. ZAUNBRECHER: Your Honor, may I ask a clarification? We’re here about medical expenses that were incurred between December of ’92 and the end of January ’93_ Are we — are we going to have to go back to 1991, I mean, and look for—
BY THE COURT: No, we’re not^-we’re not going to have to go back to 1991. We’re limited to a certain period of time based upon the 1008 claim file that was filed by Capitol.
[[Image here]]
Mr. ZAUNBRECHER: But that’s not why we’re here. ... And what we’re here about are the things [ (Blanda medical expenses) ] that happened after that time [, i.e. after the judgment from the first trial]. (Emphasis added.)
CAPITOL’S contention that HAYES was aware that the hearing officer was also addressing the issues raised in the amended and supplemental pleadings because HAYES did not object to the admission of evidence concerning those other issues is without merit and unsupported by the record. Specifically, when HAYES’S counsel |7objected to a line of questioning by CAPITOL, arguing that the questioning went beyond the scope of the hearing, CAPITOL responds by stating that the witness should be made to answer the questions because it was relevant to the issue whether CAPITOL should pay the Blanda medical expenses.
MR. PUCHEU: Your honor, at this time, just for the record, we seem to be — it may go up on appeal — I would like to object to the relevance of this since the only issue at hand is the 1008 filed on February 5, 1993, which deals with the MRI, the office visit of Dr. Blanda of January 14th, 1993, and the recommended EMG.
MR. ZAUNBRECHER: — the testimony bears upon the issue of whether or not it’s reasonable to expect the employer to pay for diagnostic tests under the circumstances where the claimant himself is refusing to comply with the Court’s order regarding rehabilitation. I think it’s relevant for that purpose. (Emphasis added.)
If CAPITOL believed that the scope of the hearing included issues raised in the amended and supplemental proceedings, it or the hearing officer presumably would have mentioned it at that point in the hearing. The record, however, establishes that none of the issues raised in the other pleadings, which CAPITOL claims were also being tried on that date, were even discussed.
Finally, we note then when CAPITOL requested that the hearing officer hear and rule on CAPITOL’S aménded and supplemental pleadings, the hearing officer states:
BY THE COURT: No, I don’t see an answer to the second 1008 and I — didn’t you file the Supplemental and Amending Petition—
MR. ZAUNBRECHER: Right.
BY THE COURT: — just recently? And I’m sure he hasn’t been served with that one.
MR. ZAUNBRECHER: Okay.
While CAPITOL argues that the hearing was set up to hear evidence on issues raised by all of the pleadings, we find nothing in the *195 record to support its contention. | ^Moreover, we note from the record that both the opening statements and the closing arguments only address the issue of the Blanda medical expenses and nothing else.
Assuming arguendo that the hearing officer set for hearing on June 29, 1993, the issues raised in the amended and supplemental pleadings, we would rule that the hearing officer was in error. Pursuant to La.C.C.P. 1151, “A plaintiff may amend his petition without leave of court at any time before the answer thereto is served. Otherwise, the petition and answer may be amended only by leave of court or by written consent of the adverse party.” (Emphasis added.) The record established in this case that the amended and supplemental pleadings were filed after HAYES served on CAPITOL his answer to the initial disputed claim form filed by CAPITOL. Because CAPITOL had neither received permission of the hearing officer or written consent from HAYES to amend or supplement its pleadings, we find that those pleadings were never properly before the hearing officer.
We find that the only matter properly before the hearing officer at the June 29, 1993, hearing was the disputed claim form filed by CAPITOL on February 8, 1992, which only disputed HAYES’S claim for the Blanda medical expenses. We reverse and hereby vacate the hearing officer’s ruling denying penalties and attorney’s fees. In addition, we reverse and vacate the hearing officer’s modifications of its earlier judgment arising out of the amended disputed claim filed April 8, 1993, and the supplemental pleading filed June 9, 1993. The issue of penalties, attorney’s fees, and HAYES’S right to receive workers’ compensation benefits raised in the amended and supplemental pleadings is remanded for further proceedings in accordance with law.
III. Law and Argument — Issue V.
Whether CAPITOL is obligated to pay medical expenses incurred by HAYES for which he did not receive prior approval from his employer.
In this case, the hearing officer found that the Blanda medical expenses were reasonable and necessary, but that HAYES had not received prior approval from CAPITOL before receiving treatment from Dr. Blanda, and therefore, CAPITOL was only obligated to pay the first $750.00 pursuant to La.R.S. 23:1142(B). The hearing officer held that La.R.S. 23:1142(E) did not apply to the facts of this case because the hearing officer had ruled against CAPITOL in an earlier case and found that HAYES’S injury was compen-sable. Consequently, the hearing officer ruled that since that judgment, CAPITOL was no longer denying that HAYES’S injury was compensable. We find, however, that the hearing officer’s conclusions and interpretation of the statute were in error.
IsGenerally, an employee must receive pri- or approval from his employer before he seeks nonemergency medical attention for a work related accident or injury. La.R.S. 23:1142(B) provides:
“Except as provided herein, each health care provider may not incur more than a total of seven hundred fifty dollars [$750.00] in nonemergency diagnostic testing or treatment without the mutual consent of the payor[2] and the employee. Except as provided herein, that portion of the fees for nonemergency services of each health care provider in excess of seven hundred fifty dollars [$750.00] shall not be an enforceable obligation against the employee or the employer or the employer’s worker’s compensation insurer unless the employee and the pay- or have agreed upon the diagnostic testing or treatment by the health care provider.” (Emphasis added and footnote added.)
An exception is provided, however, in La.R.S. 23:1142(B):
“In the event that the payor has denied that the employee’s injury is compensa-ble under this Chapter, then no approval *196 from the payor is required prior to the provision of any diagnostic testing or treatment for that injury.” (Emphasis added.)
From the very beginning, CAPITOL has denied that HAYES’S injury was compensa-ble under the Workers’ Compensation Act. The record reveals that throughout the first trial, in its appeal of the ruling in the first trial, and during this second trial concerning the Blanda medical expenses, CAPITOL has always argued that HAYES’S injuries were not compensable. The statute is quite clear and unambiguous, if the payor has denied that the injury is compensable, then the employee is not required to seek prior approval. When an employer has always denied that an employee’s injury is compensable, La.R.S. 23:1142(B) does not apply and no approval is necessary. Williamson v. CIGNA, 595 So.2d 325 (La.App. 3d Cir.), writ denied, 596 So.2d 197 (La.1992).
Therefore, we reverse the hearing officer’s ruling that limited to $750.00 CAPITOL’S obligation to pay the Blanda medical expenses and render judgment ordering that CAPITOL pay all of the Blanda expenses, $1560.00.

TV. Conclusion

For the foregoing reasons, the judgment of the hearing officer is reversed and vacated and remanded for further proceedings in accordance with applicable law on the issues of penalties, attorney’s fees, and amended and supplemental disputed claims.
iioIT IS ORDERED, ADJUDGED AND DECREED that medical expenses of $1560.00 is awarded to defendant-appellant, Timothy Hayes.
Costs of this appeal are assessed to plaintiffs-appellees, Capitol Manufacturing Company and its insurer, INA.
REVERSED and RENDERED; REMANDED.

. INA is the workers' compensation insurer for Timothy Hayes’s employer, Capitol Manufactur-tag Company (hereinafter CAPITOL).

. La.R.S. 23:1142(A)(1). "Payor shall mean the entity responsible, whether by law or contract, for the payment of the medical expenses incurred by a claimant as a result of a work related injury.”